IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00175-RPM

MARIO MARTINEZ-TORRES,

        Plaintiff,

v.

JO ANNE BARNHART, Commissioner of Social Security,

        Defendant.

_____

ORDER AFFIRMING DECISION
_____

    Because he was earning $4.25 an hour carrying a sign for a union picketing a grocery store for two months in 1992, Mario Martinez-Torres was denied disability benefits under the Social Security Act because an Administrative Law Judge ("ALJ") found that despite severe exertional impairments, the claimant had the residual functional capacity to perform that past relevant work. Accordingly, the application was denied at Step 4 of the 5 step sequential evaluation of this claim for disability. Given the limited authority of this court for judicial review under 42 U.S.C. § 405(g) and the artificiality of the system of analysis established by the applicable regulations, the decision must be affirmed, however unrealistic it may be.

    At the hearing on May 23, 2005, a vocational expert ("VE") witness testified that the union picketing job was the equivalent of a sandwich board carrier, DOT 299.687-014 light exertion. The ALJ relied on that testimony in reaching his decision.

    The claimant's exertional limitations result from his medical history of carpal tunnel syndrome affecting both wrists, even after surgeries, and joint instability of his

thumb.  Mr. Martinez-Torres wears splints on his wrists.  The ALJ found that these were severe impairments causing residual pain and weakness.

The principal allegation of error is that under 20 C.F.R. § 404.1567(b) light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds and neither plaintiff's treating physician, Dr. Boehle, nor Dr. Iannotti, a consultative examiner explicitly found that capability.  Dr. Boehle opined that Mr. Martinez-Torres could lift 15 pounds occasionally and carry 15 pounds occasionally (R. 91) in his report of August 17, 2001, and on December 3, 2001, repeated that opinion.  (R. 255).  On June 7, 2003, Dr. Iannotti opined that the claimant could lift 20 pounds occasionally between the shoulder and waist and should not carry more than that weight.  The ALJ's hypothetical question to the VE assumed a person limited to the light exertional level.  There is nothing in the record as to the weight of a sandwich board sign.  The ALJ's use of the light exertional level is within the totality of the evidence.

The plaintiff asserts that there is an inconsistency between the ALJ decision under review and the ALJ's previous decision of August 27, 2003.  R. 16-22.  That also was a denial decision which was vacated by the Appeals Council.  There is no requirement that the ALJ reconcile the findings in these opinions.  The inconsistency is not significant.

The claimant argues error in the use of the union picketing job as past relevant work because it was performed under "special conditions" in that because Mr. Martinez-Torres has very limited English speaking skills, his bi-lingual friend assisted him in

understanding the job instructions and in communicating with the public.  20 C.F.R. § 404.1573 (c) provides that if special conditions were necessary to enable the claimant to perform the work, it may not be considered past relevant work.  That provision is applicable when the special conditions were necessary because of the claimant's impairment.  The onset of the medical conditions resulting in the exertional impairments was in November, 2000, years after he had the picketer job.  Additionally, language difficulty is a "vocational factor" not relevant to the ability to perform past relevant work.  20 C.F.R. § 404.1560(b)(3).

The ALJ discounted the claimant's testimony regarding the effects of pain as inconsistent with his daily activities, his lack of treatment and use of aspirin as his only pain relief medication.  This credibility determination is within the evidence given at the May 23, 2005, hearing and the previous hearing on August 15, 2003.

The ALJ made an alternative finding under Step 5 that the claimant could also perform the job of usher as described in DOT.  That is highly problematic given the language limitation.  It is not necessary to discuss it, however, because the denial at Step 4 must be affirmed.

Upon the foregoing, it is

ORDERED that the Commissioner's decision is affirmed and this civil action is dismissed.

DATED:   January 30th , 2007

> BY THE COURT:
> s/Richard P. Matsch
> _____
> Richard P. Matsch, Senior Judge